UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-01551-DOC (JDE) | Date | May 7, 2018 |
|---|---|---|---|
| Title | Allergan USA, Inc. v. Imprimis Pharmaceuticals, Inc. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|
| Maria Barr | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**   (In Chambers) Order re Motion to Compel Discovery [Dkt. 47]

On March 14, 2018, Plaintiff/Counter-Defendant Allergan USA, Inc. ("Plaintiff") filed a Motion to Compel Discovery and Monetary Sanctions (Dkt. 47, "Motion"), along with supporting a declaration of counsel, against Defendant/Counterclaimant Imprimis Pharmaceuticals, Inc. ("Defendant"). Following further briefing (Dkt. 48-50, 52-53), the Motion was heard on May 3, 2018. After considering all of the submissions and arguments of counsel, the Court rules as follows:

1. Pursuant to the Joint Stipulation of the parties filed on April 27, 2018 (Dkt. 53), the following Requests for Production ("Requests" or singularly, "Request") remained at issue at that time: Request Nos. 5-19, 21-28, 30-33, 39-40, 43, 45 and 53-56.
2. At the hearing, the parties stated on the record that they had reached agreement upon, and were not seeking a ruling regarding, Request Nos. 18, 19, 30-33, 39, 40, 43, 53-56.
3. With respect to Request Nos. 10-17, 21-28 and 45, the Court sustains Defendant's objections to the use of the word and phrase "imply" and "by implication." See, e.g., Jt. Stip. 5, 26-27. Plaintiff argues that those phrases are appropriate in the context of the requests at issue because Plaintiff's has asserted claims based upon a theory that certain representations are false "by implication." See, e.g., Jt. Stip. at 23-24. The Court finds at this stage and in the contexts of these Requests, the phrases "implied" and "by implication" render the Requests overly broad, unduly burdensome, lacking in particularity and not proportional to the needs of the case. This is not to say that requests or questions seeking information about what a document or statement means "by implication" always are or will always be outside the scope of appropriate discovery. That is also not to say that Defendant, in producing documents, may take an overly narrow view of the meaning of the remainder of the language in the Requests. The Supplemental Responses, ordered in ¶ 4, below, need not respond further to the portions of Request Nos. 10-28 and 45 seeking documents in which various items are "implied" or expressed "by implication."
4. At the hearing, the parties further agreed, and the Court hereby orders, that Defendant will serve Supplemental Responses, and produce documents in accordance therewith, as follows, subject to ¶ 3 immediately above:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-01551-DOC (JDE) | Date | May 7, 2018 |
|---|---|---|---|
| Title | Allergan USA, Inc. v. Imprimis Pharmaceuticals, Inc. | | |

   a. Request Nos. 5-8: "Imprimis will produce all responsive, non-privileged Communications related to marketing and sales."
   b. Request Nos. 10, 12, 14, 16, 22, 24: "Imprimis will produce all responsive, non-privileged Documents, excluding routine orders."
   c. Request Nos. 11, 13, 15, 17, 23, 25: "Imprimis will produce all responsive, non-privileged Communications, excluding routine orders."
   d. Request Nos. 26-28, 45: "Imprimis will produce all responsive, non-privileged Documents."
   e. Request No. 21: "Imprimis will produce all responsive, non-privileged Communications."

5. The Motion is DENIED as to Request No. 9. Request No. 9 demands: "All Documents relating to any Communications You have had with any Health Care Provider relating to ophthalmic therapies other than Dropless Therapy, LessDrops, Simple Drops, or Klarity." Defendant objected to Request No. 9 on a variety of bases, including over breadth, but nonetheless agreed to produce some documents. Jt. Stip. at 20, 22. Plaintiff argues it is entitled to Defendant's communications with health care providers not only regarding Defendant's products, but also Plaintiff's products. Id. at 21. The Court finds that Request No. 9 is overly broad, unduly burdensome, lacking in particularity and not proportional to the needs of the case at this time, considering the importance of the issues at state in the action, the amount in controversy, the parties' relevant access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Request No. 9 seeks communications with health care providers regarding any ophthalmic therapy, regardless of who manufactures it, and regardless of whether it relates to the issues in this litigation. Further, as discussed at the hearing, it appears to the Court that other Requests encompass the documents of primary relevance here.
6. Defendant shall provide the Supplemental Responses ordered herein to Plaintiff within fourteen (14) days from the date of this Order.
7. Defendant shall produce all responsive documents by no later than May 31, 2018.
8. At the hearing, the parties requested additional time to meet and confer regarding the issue of sanctions, and further advised that they would contact the Court's CRD by email by noon on May 7, 2018. The Court is advised that the parties have done so and advised that they agree that Defendant shall pay to Plaintiff sanctions of $10,000. The Court so orders. Sanctions of $10,000 shall be paid by Defendant to Plaintiff by not later than fourteen (14) days from the date of this Order.

IT IS SO ORDERED.

Initials of Clerk:   mba