PAYNE & FEARS LLP
Attorneys at Law
Daniel L. Rasmussen (State Bar No. 120276)
dlr@paynefears.com
Philip K. Lem (State Bar No. 282480)
pkl@paynefears.com
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
kwesley@bgrfirm.com
Carl Alan Roth (State Bar No. 151517)
croth@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant
Imprimis Pharmaceuticals, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

ALLERGAN USA, INC.,

Plaintiff,

vs.

IMPRIMIS PHARMACEUTICALS, INC.,

Defendant.

Case No. 8:17-cv-01551-DOC-JDE
The Honorable David O. Carter

**DEFENDANT IMPRIMIS PHARMACEUTICALS, INC.'S *EX PARTE* APPLICATION FOR EXPEDITED BRIEFING AND HEARING ON MOTION FOR CONTINUANCE OF PRE-TRIAL CONFERENCE AND TRIAL; DECLARATION OF KEITH J. WESLEY IN SUPPORT THEREOF**

Final Pretrial Conference: April 1, 2019, 8:30 a.m.
Trial Date: April 9, 2019, 8:30 a.m.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Imprimis Pharmaceuticals, Inc. ("Defendant" or "Imprimis"), applies *ex parte* for an Order permitting expedited briefing and hearing (if necessary) on Defendant's Motion for Continuance of the Pre-Trial Conference and Trial (the "Motion") (Dkt. 130).

This Application is based on the following grounds:

- On March 1, 2019, Defendant filed the Motion.
- As set forth in the Motion, Defendant respectfully requests a first, one-time, brief continuance of the pre-trial conference and trial in this matter: (a) to avoid the unnecessary expenditure of time and resources preparing pre-trial filings that may be rendered moot or substantially obsolete based on the Court's ruling on summary judgment and the motion for a stay under the primary jurisdiction doctrine; (b) to afford the parties adequate time between the ruling on summary judgment to participate in good faith in a mediation with former Magistrate Judge Nagle; (c) to afford Defendant time to review and analyze documents recently produced by Allergan; and (d) to provide Defendant a reasonable period of time to prepare for trial in this case following the ruling on the pending motions and participation in the mediation.
- Hearing the Motion on regular notice would require that it be heard on April 1, 2019. (The Notice of Motion incorrectly set the hearing for March 25, which would not afford the standard notice period, and will be corrected if this application is denied.) By the time of the April 1 hearing, however, the parties will have already filed the pre-trial documents that will likely need substantial revision or have become obsolete, and the parties will only have a week to prepare for an important trial, the scope of which will have remained uncertain until a week prior at most.

- For this reason, Defendant respectfully requests that the Motion be briefed and heard on shortened time.

This application is brought under Local Rule 7-19 and is based on this Notice, the Memorandum of Points and Authorities in support thereof, the Declaration of Keith J. Wesley, all pleadings and papers on file in this action, and all matters as may be presented to the Court at or prior to a hearing on this application.

As described in more detail in the accompanying declaration, defendant's counsel communicated with plaintiff's counsel to inform plaintiff of the nature of the relief being sought and to ascertain plaintiff's position. Counsel for plaintiff initially represented that plaintiff would not oppose a briefing schedule with plaintiff's opposition due on March 6 and the matter set for hearing on March 11. Defendant's counsel requested that defendant be afforded a reply due on March 8. On March 4, 2019, plaintiff's counsel represented that plaintiff would not agree or stipulate to any briefing schedule that allows for defendant to file a reply.

Dated: March 4, 2019

PAYNE & FEARS LLP
Attorneys at Law
Daniel L. Rasmussen
Philip K. Lem
BROWNE GEORGE ROSS LLP
Keith J. Wesley
Carl Alan Roth

By: /s/Keith J. Wesley

Attorneys for Defendant
Imprimis Pharmaceuticals, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Good cause exists to permit briefing and a hearing (if necessary) on Defendant's Motion for a Continuance of Pre-Trial Conference and Trial (the "Motion") (Dkt. 130), on an expedited basis.

The parties have filed voluminous dueling summary judgment motions, and Defendant has filed, alternatively, a motion to stay based on the primary jurisdiction doctrine. The Court continued the hearing on the summary judgment and stay motions to March 26, 2019, with the pre-trial conference set for April 1 and trial for April 9. Therefore, as things currently stand, the parties' pre-trial filings, including, for example, the exhibit list, motions *in limine*, and the final pre-trial conference order – are due prior to the ruling on summary judgment and a stay, and the summary judgment ruling will be issued (at most) two weeks before trial. For that reason, and others set forth in the Motion, on February 20, 2019, Defendant asked Plaintiff to stipulate to a brief, first, and one-time continuance of the pre-trial conference and trial. On February 27, Plaintiff stated that it intended to oppose the continuance. Defendant filed the Motion two days later.

If the Motion is heard on regular notice, one of the key benefits of the relief sought in the Motion – *i.e.*, avoiding the extensive time and expense of preparing pre-trial filings that will likely be rendered inaccurate and/or obsolete – will be eliminated. Furthermore, the Motion is not voluminous or complex, and Defendant believes it is likely the Court will be able to rule on the Motion without the need for a hearing.

Therefore, Defendant respectfully requests the Court to allow expedited briefing and hearing on the Motion. Alternatively, for the reasons set forth in the Motion itself, Defendant respectfully requests the Court to enter a continuance of the pre-trial conference and trial dates.[1]

---

[1] Pursuant to Local Rule 7-19, Defendant states Plaintiff is represented by

Respectfully Submitted:

Dated: March 4, 2019

PAYNE & FEARS LLP
Attorneys at Law
Daniel L. Rasmussen
Philip K. Lem
BROWNE GEORGE ROSS LLP
Keith J. Wesley
Carl Alan Roth

By: /s/Keith J. Wesley

Attorneys for Defendant
Imprimis Pharmaceuticals, Inc.

---

Joseph Akrotirianakis, Esq. (jakro@kslaw.com), Aaron Craig, Esq. (acraig@kslaw.com), and Kathryn Kuhn, Esq. (kkuhn@kslaw.com), of King & Spalding LLP, 633 West Fifth Street, Suite 1700, Los Angeles, CA 90071, (213) 443-4313.

**DECLARATION OF KEITH J. WESLEY**

I, Keith J. Wesley, declare and state as follows:

1. I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California. I am a partner with Browne George Ross LLP, counsel of record for Defendant Imprimis Pharmaceuticals, Inc. in this matter. I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2. On January 28, 2019, both Allergan and Imprimis filed motions for summary judgment, and Imprimis filed a renewed motion to stay the case under the primary jurisdiction doctrine. Dkt Nos. 93-112. The filings both in support of and in opposition to the motions are extensive. The issues raised by the motions – particularly arguments regarding the interpretation and enforcement of the Drug Quality & Security Act – will affect not only the parties, but likely a variety of third parties nationwide as well, from the FDA and state pharmacy boards to other compounders to doctors to patients.

3. On February 19, 2019, the Court continued the hearing on the parties' respective motions from February 25, 2019 to March 26, 2019. Dkt. No. 126. That same day, the Court also continued the pre-trial conference from March 25, 2019 to April 1, 2019. Dkt. No. 127.

4. Based on the current case schedule, the parties will be required to file the following pre-trial documents prior to the hearing on the parties' summary judgment motion and Imprimis's stay motion: exhibit list, witness list, memoranda of contentions of fact and law, motions *in limine*, and final pretrial conference order. In addition, other joint filings, including jury instructions, a special verdict form, and statement of the case are currently due only eight days after the hearing on summary judgment.

5. The parties have agreed to schedule a mediation after the Court's ruling on summary judgment. Both sides agree that participating in a mediation prior to the summary judgment and related rulings will not be productive.

6. For those reasons, and others set forth at Docket No. 130, I requested that plaintiff agree to a brief, first-time continuance of the pre-trial conference and trial.

7. I first made my request by email on February 20 – *i.e.*, the day after the Court continued the summary judgment hearing. Attached hereto as Exhibit 1 is a true and correct copy of my February 20 email.

8. I am informed that, while both attending a deposition on February 21, counsel for plaintiff told my colleague, Carl Roth, that he would get back to us on the requested continuance as soon as he had an answer.

9. On February 27, I sent a follow-up email, requesting plaintiff's position on the requested continuance and noting that we would move *ex parte* the following day absent a stipulation. In response, plaintiff's counsel disputed the procedural propriety of an *ex parte* application, but said he would not oppose an *ex parte* request for an order shortening the notice period on a motion seeking a continuance. Further communications followed, and all counsel agreed in principle to plaintiff's opposition being due on March 6 and a hearing on March 11. Attached hereto as Exhibit 2 is a true and correct copy of the February 27 email string.

10. On February 28, I circulated to opposing counsel a joint stipulation that set a briefing schedule of March 6 for the opposition to the motion, March 8 for any reply, and a hearing on March 11. The following day, I received an email requesting a telephonic discussion, and I participated in such a discussion with opposing counsel, regarding the proposed stipulation, as well as an additional ground for the requested continuance – *i.e.*, recently produced documents by plaintiff. Attached hereto as Exhibit 3 is a true and correct copy of the February 28 and March 1 emails.

11. Shortly after the telephone call on March 1, further email correspondence ensued, with opposing counsel requesting to review at least a draft of the motion for a continuance prior to deciding whether to agree to a shortened briefing schedule or not. I ultimately responded that we would file the motion the same day and this *ex parte* application for expedited briefing on Monday, March 4. I requested that, in the interim, opposing counsel inform me if plaintiff intended to oppose the *ex parte*, in full or part. Attached hereto as Exhibit 4 is a true and correct copy of the aforementioned March 1 email string.

12. On March 4, 2019, opposing counsel represented that plaintiff would not agree or stipulate to any briefing schedule that allows for defendant to file a reply. Attached hereto as Exhibit 5 is a true and correct copy of the March 4 email from opposing counsel.

Executed this 4th day of March 2019, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/Keith J. Wesley
Keith J. Wesley