Daniel L. Rasmussen (State Bar No. 120276)
dlr@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Carl Alan Roth (State Bar No. 151517)
  croth@bgrfirm.com
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant
Imprimis Pharmaceuticals, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ALLERGAN USA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> IMPRIMIS PHARMACEUTICALS, INC., <br><br> Defendant. | Case No. 8:17-cv-01551-DOC-JDE <br><br> **NOTICE AND MOTION AND MOTION *IN LIMINE* NO. 6 OF DEFENDANT IMPRIMIS PHARMACEUTICALS, INC. TO EXCLUDE REPORTS AND TESTIMONY OF MARK S. ROBBINS AND JOHN TAYLOR** <br><br> Judge: Hon. David O. Carter <br> Date: May 9, 2019 <br> Time: 8:30 am <br> Crtrm.: 9D <br><br> Final Pretrial Conference: <br>     May 9, 2019, 8:30 a.m. <br> Trial Date: <br>     May 14, 2019, 8:30 a.m. <br> Complaint Filed: <br>     September 7, 2017 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at the Pretrial Conference on May 9, 2019 at 8:30 a.m., or as soon thereafter as may be heard, in Courtroom 9D of the United States District Court, Central District of California-Southern Division, Ronald Reagan Federal Building and United States Courthouse located at 411 West Fourth Street, Santa Ana, California 92701, Imprimis Pharmaceuticals, Inc., will and hereby does move this Court, pursuant to Federal Rules of Evidence 702, 401 and 403 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude the reports and testimony of Mark S. Robbins and John Taylor, Plaintiff Allergan USA, Inc.'s experts, on the grounds that the opinions are not relevant and will not assist the trier of fact (the "Motion").

This Motion is made after the conference of counsel required by Local Rule 7-3, which took place on April 19, 2019, but was unable to resolve the issues raised by this Motion.

This Motion is based on the accompanying Memorandum of Points and Authorities, the supporting Declaration of David D. Kim, the papers and records on file herein, and on such oral and documentary evidence as may be presented at or before the hearing on this Motion.

Dated:  April 26, 2019

PAYNE & FEARS LLP
Attorneys at Law
  Daniel L. Rasmussen

BROWNE GEORGE ROSS LLP
  Keith J. Wesley
  Carl Alan Roth

By:     /s/  Keith J. Wesley
     _____

Attorneys for Defendant
Imprimis Pharmaceuticals, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The forthcoming jury trial is, by virtue of this Court's Order Granting in Part and Denying in Part Summary Judgment (Dkt. 138), a Lanham Act damages trial. The question for the jury is straightforward: did the challenged advertisements cause any harm to Allergan? And, if so, how much? Messrs. Robbins and Taylor have nothing to say on this narrow topic. Their opinions must therefore be excluded for three reasons:

*First*, they are irrelevant because they do not go to the sole remaining issue to be determined by the jury – whether Allergan suffered harm due to Imprimis's false advertising, and, if so, how much money should be awarded to Allergan. *Second*, they are unduly prejudicial and are being offered for the purpose of painting Imprimis in a negative light to the jury. *Third*, they are improper legal opinion.

## II. ARGUMENT

### A. Irrelevant Expert Opinion Is Inadmissible

This Court has made it plain that under Federal Rule of Evidence 702 "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Wishtoyo Foundation v. United Water Conservation District*, 2017 WL 8292770, at *1 (C.D. Cal Sep. 8, 2017) (J. Carter) (quoting *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 591 (1993)); *see also Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (expert testimony "must logically advance a material aspect of the party's case); *U.S. v. Ortland*, 109 F.3d 539, 544–45 (9th Cir. 1997) (affirming exclusion of expert on grounds that expert's proposed "testimony would not assist the jury because the relevant question was not what an expert thought the agreement said, but what [defendant] thought and said the agreement allowed him to do").

### B. Robbins' and Taylor's Opinions Are Not Relevant

Robbins is anticipated to offer opinions on: (a) the process and requirements

for the approval of drug manufacturers, (*e.g.*, Declaration of David D. Kim in Support of Defendant Imprimis Pharmaceuticals, Inc.'s Motions *in Limine* Nos. 4 and 6 ("Kim Decl."), Ex. C ("Robbins Report") at ¶¶ 18, 29); (b) the standards applicable to drug manufacturers, (*e.g.*, *id.* at ¶¶ 18-20); (c) the process for obtaining approval for a new drug, (*e.g.*, *id.* at ¶¶ 45-48); and (d) how compounding pharmacies operate relative to drug manufacturers, (*e.g.*, *id.* at ¶¶ 18-20).  Taylor, for his part, seeks to offer opinions on: (a) the historical context for original compounding legislation and the Compounding Quality Act, (*e.g.*, Kim Decl., Exh. E ("Taylor Report") at 2-5); (b) the context regarding the general regulatory rubric for drug compounding, (*e.g.*, *id.* at 1-2); (c) his opinion on the scope and function of both Section 503A and 503B, (*e.g.*, *id.* at 5-8, 20-23); (d) bulk drug substance requirements, (*e.g.*, *id.* at 23-25); (e) limits on compounding copies of compounded products, (*e.g.*, *id.* at 11-14, 25-27); and (f) that because the compounded products are unapproved drugs, they seem to be "potentially unsafe," (*e.g.*, *id.* at 25).

None of those opinions is relevant to the narrow issue left in this case: whether Allergan lost sales because of five specifically identified categories of false advertisements.  Thus, Allergan has not and cannot meet its burden to show that the Robbins and Taylor opinions satisfy Rule 702 and *Daubert*.[1]

**The Health Risks And Potential Harm Associated With Compounded Drugs**.  The anticipated testimony of Robbins and Taylor on the health risks relating to compounded drugs is irrelevant because there are no issues remaining for the jury

---

[1] This Court has emphasized that the party offering expert testimony bears the burden of proving that Rule 702 and *Daubert* are satisfied.  *See Colony Holdings, Inc. v. Texaco Refining And Marketing, Inc.*, 2001 WL 1398403, at *3 (C. D. Cal. 2001)(J. Carter); *DCS Mktg., Inc. v. Homer Laughlin China Co.*, 2009 WL 10674051, *3 (C.D. Cal. Nov. 5, 2009) (J. Carter); *see also Lust v. Merrell Dow Pharm*, 89 F.3d 594, 598 (9th Cir. 1996).

to decide bearing on whether Imprimis's compounded drugs are unsafe or have caused harm to its customers.

This Court's decision in *Wishtoyo* is instructive.  There, Defendants sought to introduce expert testimony concerning the "adverse effects to the public associated with reduced water availability;" whether "the public interest" would be served by the remedy sought by the plaintiff; and, "undesirable effects on water resources." This Court found that evidence inadmissible – and its introduction unduly confusing and prejudicial.  *Wishtoyo*, 2017 WL 8292770, at *3 (public interest testimony inadmissible under Rule 402 and 403).

**The Drug Testing & Approval Process**. Robbins offers a primer on the drug approval process, the active and inactive ingredients in drugs and the standards applicable to drug manufacturers. None of those topics is relevant to the remaining issue to be tried.  (*See* Robbins Report at ¶¶ 13-18, 45-48).  Again this Court's *Wishtoyo* decision is on point.  There, Defendants offered expert testimony as to why water was being diverted. *Wishtoyo*, 2017 WL 8292770, at *4.  But this Court found such an explanation was not relevant and inadmissible under Rule 402:  "to the extent Howard opines on why the water is diverted (i.e., to provide the public with drinking water and to prevent seawater intrusion), that testimony is not relevant to liability."

**History of Compounding Regulations**. Taylor expects to testify regarding the background and history of compounding regulations, "the limited set of circumstances in which the law allows for compounding," and the requirements for compounded drugs under Section 503A and Section 503B, including the bulk drugs that are permissible for compounding under the FDCA.  (Taylor Report at 1-2).

This opinion also should be excluded under *Wishtoyo,* where the defendants too sought to introduce expert testimony about "history and purpose of the" challenged water diversion. 2017 WL 8292770, at *4.  That testimony was deemed inadmissible by this Court under Rule 402, however, because it was "not relevant to

liability."

Robbins is also expected to testify on how compounding pharmacies operate relative to drug manufacturers. (*See*, *e.g.*, Robbins Report at ¶¶ 18-20); *see also*, *e.g.*, Kim Decl. Ex. D ("Robbins Tr.") at 58:6-61:9; 64:14-65:14, 66:17-68:15.) However, these opinions are tied into their potential "public health risk" and the "public health concerns" associated with compounded drugs. (*See*, *e.g.*, Robbins Report at ¶¶ 60; 68.) As has been discussed above, testimony as to the health risks associated with other nonparty compounding pharmacies has no relevance to the issues to be determined by the jury in this case. *Wishtoyo*, 2017 WL 8292770, at *4.

### C. Testimony About Compounding Regulations and Their Interpretation Is Improper Expert Testimony

This Court has held that "[e]xpert testimony regarding legal conclusions or offering legal argument is improper." *DCS Marketing*, 2009 WL 10674051, at *3 (C.D. Cal. Nov. 5, 2009) (J. Carter) (citing *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). Thus, this Court will not countenance an expert seeking to "interpret and apply" the U.S. Code. *See Mattel, Inc. v. MGA Entm't, Inc.*, 2011 WL 13128409, at *4 (C.D. Cal. Jan. 26, 2011) (J. Carter).

Taylor's anticipated testimony about (1) the historical context and background of compounding legislation, (2) the reasons behind the enactment of the original Section 503A in 1997 and the revisions to the law in 2013, and (3) the scope and function of Section 503A and 503B and the requirements therein, are improper legal opinions and must be excluded. (*See* Taylor Report at 2-5). As Taylor testified, the Court was just as capable as he in analyzing and interpreting the U.S. Code and relevant legislative intent. (*See* Kim Decl., Ex. F ("Taylor Tr.") at 51:6-19.)

Similarly, Robbins' testimony about (1) the standards for drug compounding, (2) the standards for the approval of new drugs, (3) for bulk drug substances, and (4) current Good Manufacturing Practices are also improper. Robbins Tr. at 26:25-

29:25, 47:2-49:8, 93:13-96:23, 130:2-132:11; *see, e.g. Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005) (finding that testimony regarding law enforcement standards was irrelevant and confusing on the grounds that the violation of the standards is not *ipso facto* a Fourth Amendment violation).

Under *DCS Mktg.*, testimony as to the legal meaning and effect of the FDCA and Sections 503A and 503B and the requirements under each is not a proper subject of expert testimony and must also be excluded. 2009 WL 10674051, at *3; *Mattel*, 2011 WL 13128409, at *2; *see also SEC v. Capital Consultants, LLC*, 397 F.3d 733, 749 (9th Cir. 2005) ("Experts may interpret and analyze factual evidence but may not testify about the law.") (*citing Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996)).

### D. The Testimony of Robbins and Taylor Should Be Excluded Because Any Alleged Relevance Is Substantially Outweighed By A Danger of Unfair Prejudice and of Misleading the Jury

Even if the Court finds that Robbins and Taylor's opinions are relevant (which they are not), they should be excluded at trial because of the significant danger that the jury will be confused or mislead regarding the alleged potential safety risks of the industry in general. This Court has held, however, that under Federal Rule of Evidence 403 it may exclude expert testimony "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Wishtoyo*, 2017 WL 8292770, at *1; *see also Lloyd v. Conseco Fin. Corp.*, 2001 WL 36097624, at *6 (C.D. Cal. Oct. 19, 2001) ("Given the fact that his opinion does not 'speak[ ]clearly and directly to [the] issue in dispute,' and given the resulting potential for juror confusion, the opinion is inadmissible under the relevance prong of *Daubert*").

As set forth above, Taylor proffers testimony that involves the alleged safety "risks" and potential health concerns associated with compounding drugs, yet he

conceded in his deposition that he was not aware of any currently pending regulatory issues between Imprimis and the FDA, who frequently and regularly inspect Imprimis's facilities.  (*See*, Taylor Tr. at 149:19-152:13.)  Taylor's opinion necessarily implies that that Imprimis compounded products pose safety risks to consumers despite Taylor being unaware of any FDA regulatory action that would substantiate such an implication.

Likewise, Robbins proffers opinion and testimony regarding the FDA's December 2017 Warning Letter.  (Robbins Tr. 68:16-71:1; Robbins Report ¶¶ 52, 60.)  For the reasons stated in greater detail in Imprimis's Motion *in Limine* No. 2 seeking to exclude it, the December 2017 Warning Letter is irrelevant to the remaining issues in this case, is unfairly prejudicial to Imprimis because it is being offered for the purpose of painting Imprimis in a negative light, and is otherwise inadmissible hearsay.  Allowing plaintiff to nevertheless introduce the letter through its expert, Robbins, would unfairly prejudice Imprimis.

Given the much narrowed scope of the issues following this Court's MSJ Order, as discussed above, Taylor's opinion regarding alleged safety risks and potential health concerns with compounding drugs and Robbins's opinion regarding the FDA's December 2017 Warning Letter would serve only to unfairly prejudice Imprimis, confuse the issues, mislead the jury, and waste time.

## III. CONCLUSION

For the reasons set forth above, Imprimis respectfully requests that this Court issue an order *in limine* excluding the report and testimony of Robbins and Taylor on the grounds that the opinions are not relevant and will not assist the trier of fact.

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated:  April 26, 2019 | PAYNE & FEARS LLP |
| 2 | | Attorneys at Law |
| 3 | | Daniel L. Rasmussen |
| 4 | | BROWNE GEORGE ROSS LLP |
| 5 | | Keith J. Wesley |
| | | Carl Alan Roth |

By:   */s/  Keith J. Wesley*

Attorneys for Defendant
Imprimis Pharmaceuticals, Inc.

1237095.12

-9-   Case No. 8:17-cv-01551-DOC-JDE

NOTICE AND MOTION TO EXCLUDE REPORTS AND TESTIMONY OF MARK S. ROBBINS AND JOHN TAYLOR AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2019, I electronically filed the foregoing **NOTICE AND MOTION AND MOTION IN LIMINE NO. 6 OF DEFENDANT IMPRIMIS PHARMACEUTICALS, INC. TO EXCLUDE REPORTS AND TESTIMONY OF MARK S. ROBBINS AND JOHN TAYLOR** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

### SERVICE LIST

*Allergan USA, INC. v. Imprimis Pharmaceuticals, Inc.*
USDC, Case No. 8:17-cv-01551-DOC-JDE

| | |
|---|---|
| **KING & SPALDING LLP**<br>Joseph N. Akrotirianakis<br>Aaron S. Craig<br>633 West Fifth Street, Suite 1700<br>Los Angeles, CA 90071<br>Telephone: (213) 443-4355<br>Facsimile: (213) 443-4310<br>Emails: jakro@kslaw.com;<br>acraig@kslaw.com | Attorneys for Plaintiff Allergan USA, Inc. |
| **KING & SPALDING LLP**<br>Jeffrey S. Bucholtz (pro hac vice)<br>Kathleen E. McCarthy (pro hac vice)<br>1700 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Telephone: (202) 737-0500<br>Facsimile: (202) 626-3737<br>Email: jbucholtz@kslaw.com;<br>kmccarthy@kslaw.com | |
| **PAYNE & FEARS LLP**<br>Daniel L. Rasmussen, Bar No. 120276<br>Philip K. Lem, Bar No. 282480<br>4 Park Plaza, Suite 1100<br>Irvine, California 92614<br>Telephone: (949) 851-1100<br>Facsimile: (949) 851-1212s<br>dlr@paynefears.com<br>pkl@paynefears.com | Co-Counsel for Defendant Imprimis Pharmaceuticals, Inc. |

*/s/ Andrea A. Augustine*
Andrea A. Augustine