JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:   (213) 443-4310

JEFFREY S. BUCHOLTZ (pro hac vice)
*jbucholtz@kslaw.com*
MARISA MALECK (pro hac vice)
*mmaleck@kslaw.com*
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:  (202) 737-0500
Facsimile:   (202) 626-3737

Attorneys for Plaintiff
ALLERGAN USA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ALLERGAN USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> IMPRIMIS PHARMACEUTICALS, INC., <br><br> Defendant. | Case No. 8:17-cv-01551-DOC-JDE <br> *The Honorable David O. Carter* <br><br> **PLAINTIFF ALLERGAN USA, INC.'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION** <br><br> Date:     June 28, 2019 <br> Time:    10:00 a.m. <br> Place:    Courtroom 9D <br><br> Complaint Filed: September 7, 2017 |

**TO THE COURT AND DEFENDANT AND ITS COUNSEL:**

**PLEASE TAKE NOTICE** that Allergan USA, Inc. ("Allergan") hereby respectfully requests that the Court take judicial notice of the following document in connection with Allergan's Motion for Permanent Injunction [Dkt. No. 234], taken under submission June 28, 2019.

**Exhibit B**, FDA Warning Letter to Imprimis NJOF, LLC dated June 7, 2019, first posted to the FDA's website on July 9, 2019 at http://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/imprimis-njof-llc-553322-06072019.

<u>Basis for Judicial Notice.</u>  Pursuant to Federal Rule of Evidence 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(d).  It is well-established that a court "may also take judicial notice of documents available on a government agency's website." (Dkt. No. 31, Page ID #:645 (Nov. 14, 2017 Order denying Imprimis's motion to dismiss) (citing *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013)).)  Accordingly, the Court may take judicial notice of Exhibit B, as it appears on the website of FDA.

<u>Relevance.</u>  This new evidence (in Imprimis's possession at the time of the hearing, but not Allergan's or the Court's) is the latest FDA Warning Letter to Imprimis (its *fifth* warning letter since March 2017, and its eleventh overall citation since August 2016), and it is relevant to Allergan's Motion for Permanent Injunction. In determining whether to issue a permanent injunction, courts take into account whether the public interest would not be disserved by a permanent injunction. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010); *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).  Exhibit B helps demonstrate that an injunction against Imprimis would be in the public interest, as it points out: (1)

Imprimis's continued use of bulk gatifloxacin is a violation of Section 503B; (2) a report Imprimis submitted to FDA in June 2017 wherein it was required to identify all drugs it compounded during the previous six month period omitted at least five of its formulations; (3) Imprimis failed to submit adverse event reports to FDA as required by section 503B, specifically a report about a patient being diagnosed with hemorrhagic occlusive retinal vasculitis (HORV) in both eyes after being administered Imprimis's dropless therapy; (4) failure to follow Current Good Manufacturing Practice requirements in several respects, causing Imprimis's drugs to be adulterated. More generally, the fact that FDA has found it necessary to send five separate warning letters to Imprimis just since March 2017 underscores Imprimis's recalcitrance and, therefore, the need for a permanent injunction. See Motion for Permanent Injunction [Dkt. No. 234] at 5-8.

Because Exhibit B, the FDA Warning Letter, is a proper subject of judicial notice, and because it is plainly relevant to Allergan's Motion for Permanent Injunction, Allergan asks the Court to take judicial notice of it.

Dated: July 11, 2019                    KING & SPALDING LLP

                                        By: */s/ Joseph N. Akrotirianakis*
                                            JOSEPH N. AKROTIRIANAKIS
                                            AARON S. CRAIG
                                            Attorneys for Plaintiff
                                            ALLERGAN USA, INC.