# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ALLERGAN USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> IMPRIMIS PHARMACEUTICALS, INC., <br><br> Defendant. | Case No. 8:17-cv-01551-DOC-JDE <br> *The Honorable David O. Carter* <br><br> **ORDER ENTERING PERMANENT INJUNCTION** <br><br> Complaint Filed: September 7, 2017 |

GOOD CAUSE THEREFOR having been established, the Court hereby enters the following permanent injunction:

Defendant Imprimis Pharmaceuticals, Inc. and its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of them (including any corporate parents, subsidiaries, and affiliates so acting in concert or participation) ("Defendant"), is immediately and permanently enjoined from engaging in the following activities, directly or indirectly, *with respect to compounded drugs prepared in, dispensed from within, or shipped to the State of California*:

1. dispensing any drug from a 503A facility without a "Valid Prescription Order" (as defined below).

For purposes of this permanent injunction, a Valid Prescription Order is defined as a prescription order that (a) identifies an individual patient; (b) either states that a compounded product is medically necessary for the identified individual patient or bears a notation, approved by the prescribing practitioner, stating that a compounded product is medically necessary for such patient; and (c) specifies that an FDA-approved drug is not medically appropriate for the identified individual patient.

2. compounding a drug in a 503A facility before receipt of a Valid Prescription Order, except in a "Limited Quantity" (as defined below) based on a history of the Defendant receiving Valid Prescription Orders for the compounding of the drug; provided that the Valid Prescription Orders were generated within an established relationship between Defendant on the one hand, and, on the other hand, either the patient for whom the drug product will be provided or the prescriber who will write the Valid Prescription Order.

For purposes of this permanent injunction, a "Limited Quantity" is defined as an amount not exceeding a 30-day supply of a particular compounded drug product (i.e., units of a compounded drug product that Defendant believes it will distribute over a 30-day period) to fill Valid Prescription Orders Defendant has not yet received;

and the amount of the supply of a particular compounded drug product is based on the number of Valid Prescription Orders that Defendant has received for identified individual patients in a 30-day period, during the past year, selected by Defendant.

3. operating any 503B outsourcing facility that uses any bulk drug substance not appearing, at the time of compounding, distribution, and dispensing, on (a) a list, established by the Secretary of Health and Human Services, identifying bulk drug substances for which there is a clinical need; or (b) if FDA's Interim Policy[1] remains in effect, the 503B "Category 1" list then in effect. Excepted from this paragraph 3 is any use by Defendant of a bulk drug substance to compound a drug appearing on the drug shortage list in effect under 21 U.S.C. § 356e at the time of compounding, distribution, and dispensing.

**IT IS SO ORDERED.**

DATED: July 22, 2019

*David O. Carter*
THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

---

[1] The FDA "Interim Policy" with respect to the 503B "Category 1" list shall mean FDA's Interim Policy on Compounding Using Bulk Drug Substances Under Section 503B of the Federal Food, Drug, and Cosmetic Act, first issued June 9, 2016.